IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:14-cr-015** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **TOREY W. DOBBIN** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Torey Dobbin's motion filed pursuant to 28 U.S.C. § 2255, in which he claims that his trial counsel was ineffective for not arguing (1) that his Dauphin and Cumberland County robbery convictions are not predicate offenses for the application of the career offender designation, and (2) that, pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), Hobbs Act robbery is not a "crime of violence" and therefore he should not have received a consecutive sentence under 18 U.S.C. § 924(c). Dobbin argues that because of counsel's alleged failure to properly check county court records and raise the foregoing issues, he was prejudiced and should be resentenced on Count I and his conviction on Count 2 should be set aside. (Doc. 206, p. 4.)[1]

## I. Legal Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective

---

[1] The procedural history was adequately set forth by both parties in their briefing and will not be set forth herein.

standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). Both prongs must be established. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires the defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advise given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

## II.    <u>Discussion</u>

### A. Dauphin County Robbery

Dobbin argues that the records of Dauphin County do not show that he pled guilty to the robbery conviction that is set forth in paragraph 23 of the Presentence Report, and that the plea colloquy did not reference robbery. He claims that he pled guilty to burglary.

The government argues in response that *Shepard*[2] documents submitted in this case show that Dobbin pled guilty to 18 Pa. C.S. § 3701(a)(1)(ii) under

---

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

Docket No. 3984-97. (*See* Doc. 222-1, p. 13 (documents from the Administrative Office of the Pennsylvania Courts); *Id.* at p. 17 (Judgment of Commitment).) Indeed, these documents indicate that an information was filed charging Dobbin with, among other charges, robbery in violation of 18 Pa.C.S. § 3701(a)(1)(i) and (ii), to which Dobbin pled guilty. (*See* Doc. 222-1, pp. 23-26.) While the government produced additional documents, the aforesaid conclusively proves that Dobbin was charged and pled guilty to robbery.

Although Dobbin also pled guilty to burglary under Docket No. 3983-CR-97 on the same day he pled to the robbery charge, the charges were separately set forth in the information. He was sentenced on the burglary charge to 1 to 10 years. (*See* Doc. 222-2, p. 10.) While the offenses were entered the same day, they involved separate conduct that occurred on different dates and amounted to separate convictions.

## B. Cumberland County Robberies

Court documents show that Dobbin pled guilty to two counts of robbery in Cumberland County in violation of 18 Pa. C.S. § 3701(a)(ii) and was sentenced on those pleas. (*See* Doc. 222-4, p. 9 and p. 5 (sentence).)

In *United States v. Cornish*, 103 F.3d 302 (1997), the Court of Appeals for the Third Circuit held that "any conviction for robbery under the Pennsylvania robbery statute, regardless of the degree, has as an element the use of force against

the person of another . . . . [A] conviction for third degree robbery is a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(i)." *Id.* at 309.

In his direct appeal, Dobbin argued that his two prior armed robbery convictions were not crimes of violence. In addressing that issue, the Court of Appeals stated as follows:

> And because Dobbin was convicted of violating 18 Pa. C.S. § 3701(a)(1)(ii), which requires that the offender "threaten[ ] another with or intentionally put[ ] him in fear of immediate serious bodily injury," his convictions satisfy the first prong of the definition. Johnson therefore does not support a challenge to the career offender designation in this case."

*United States v. Dobbin*, 629 F. App'x 448, 452 (3d Cir. 2015).

In his reply brief, Defendant states that it is "unclear which purported robbery conviction the Third Circuit was referencing when it cited that Dobbin was convicted of violating 18 Pa. C.S. §3701(a)(1)(ii)." (Doc. 227, p. 9 n.3.) As this court noted *supra*, the record supports that Dobbin's convictions were for violating 18 Pa. C.S. 3701(a)(1)(ii).

### C. Hobbs Act Robbery

Dobbin acknowledges that this issue is controlled by *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), but argues that Robinson has filed a petition for writ of certiorari to the United States Supreme Court. In *Robinson*, the court held that Hobbs Act robbery is a crime of violence under the elements clause where a firearm is used during its commission.

In *United States v. Milan*, C.A. No. 17-1943, 2017 WL 5053959, at *1

(3d Cir. Aug. 10, 2017), the Third Circuit stated as follows:

> Appellant has not argued that we should defer consideration of his request pending potential review and *Robinson*, and we decline to do so. We note that, even if the Supreme Court were to grant certiorari and disturb our decision in *Robinson*, that would not necessarily mean that federal bank robbery is not a crime of violence under the elements clause. We did not consider in *Robinson* whether federal bank robbery categorically constitutes a crime of violence under the elements clause, but it appears that every Court of Appeals to have done so has concluded that it does. *See, e.g.*, *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016) (collecting cases); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (per curiam) (same); *see also Robinson*, 844 F.3d at 151 n.28 (Fuentes, J., concurring) ("Congress specifically singled out the federal bank robbery statute as a crime that is the prototypical 'crime of violence' captured by Section 924(c).").

## III. Conclusion

For the foregoing reasons, the motion will be denied. An appropriate order will issue.

     s/Sylvia H. Rambo
     SYLVIA H. RAMBO
     United States District Judge

Dated: November 20, 2017